SAVOY, Judge.
This is an action in tort involving an intersectional collision which occurred in the City of Alexandria, Louisiana, at approximately 3:00 A.M. on April 10, 1964, between a vehicle driven by one of the defendants, Mrs. W. G. Vernon, in a northerly direction on Murray Street, and a vehicle driven by plaintiff in a westerly direction on Main Street. At the time of the accident the weather was clear. In the *633 day time there is an overhead electric signal light in the middle of the intersection of the streets named above. After dark the signal light flashes red on Murray Street and yellow on Main Street.
In addition to Mrs. W. G. Vernon, made defendants in the suit were Dr. W. G. Vernon, husband of Mrs. Vernon, and Lumbermens Mutual Casualty Company, insurer of the Vernon car. Defendants answered plaintiffs petition generally denying the allegations of negligence on the part of Mrs. Vernon and filed a reconven-tional demand against plaintiff and her liability insurer, Fidelity and Casualty Company.
After a trial on the merits, the trial judge rejected the demands of all parties and dismissed both the main and the reconventional demands. Plaintiff has appealed.
There were three eye witnesses to the accident, Mrs. Vernon, Dr. Vernon and plaintiff.
Mrs. Vernon testified she and her husband were coming home from a dental society dance at about 2:30 A.M. on the morning of the accident and were travel-ling in a northerly direction Murray Street; that the signal light on Murray was flashing red at the time of the accident; that there was a building at the southeast corner of the intersection of Murray and Main Streets which obstructed her view; that she never saw the Collins-vehicle until it struck the right front portion of the vehicle she was driving.
Dr. Vernon, who is now deceased (his wife has qualified as testamentary executrix and has been substituted as a party in this proceeding), testified that the accident occurred as stated by his wife; but stated that there was no blind corner at the intersection of the aforenamed streets.
Plaintiff testified she was travelling in a westerly direction on Main Street; that there was a flashing amber light at the intersection; that prior to entering the intersection she slowed her vehicle, and, seeing no traffic, increased her speed to 25 miles an hour; and, that she was struck by the Vernon vehicle as she was entering the intersection.
The physical condition of both vehicles involved in the accident reveals that the Collins car struck the right front portion of the Vernon car.
The district judge in his reasons for judgment relied on the case of State Farm Mutual Automobile Ins. Co. v. Merritt, 185 So.2d 832 (La.App. 3 Cir. 1966), decided by this Court, in which we stated, quoting from our earlier case of Landrum v. New Amsterdam Casualty Company, 149 So.2d 182 (La.App; 3 Cir. 1963):
“ ‘We believe, however, that the blinking yellow light at the intersection added an additional duty on the driver approaching on the right-of-way street and-that duty is to approach the intersection with caution commensurate to the situation. * * ” (Emphasis theirs.)
In our opinion the State Farm case, supra, is distinguishable from the instant case in that theréin Merritt, the favored driver, entered the intersection at a higher rate of speed than in the instant case.
In the instant case plaintiff slowed for the blinking yellow light and had no way of anticipating that defendant would enter the blind intersection, running the light at a relatively high speed. The fact that plaintiff failed to see defendant before the impact can be explained by the defendant’s driving at an excessive speed under the circumstances, and the fact that there was a blind corner at the southeast corner of the intersection of the two streets.
We agree with the trial judge that Mrs. Vernon was negligent in not stopping at the intersection in view of the red flashing signal light facing her on Murray Street.
*634 We are of the further opinion that the trial judge was in error in holding plaintiff contributorily negligent.
We next address ourselves to the quantum which we should award to plaintiff.
By stipulation plaintiff sustained the following special damages as a result of the accident:
Dr. Daniel M. Kingsley-$ 80.00
Snell’s_ 22.95
St. Francis Cabrini Hospital -- 93.90
Damages to plaintiff’s car- 100.00
(Deductible portion) _
Total-$ 296.85
GENERAL DAMAGES.
Dr. Philip Bonn, a neurosurgeon of Shreveport, Louisiana, examined plaintiff on January 18, 1965. He found minimal cervical paraspinal muscle spasm. It was his impression that plaintiff represented a contusion to the left frontal scalp and orbit giving her pain, and a cervical sprain. Xrays were normal.
Dr. Daniel M. Kingsley, a specialist in orthopedic surgery, examined plaintiff at the request of Dr. Robbins following complaints by plaintiff of headaches over the left eye. Xrays were made of plaintiff, and they were found to be negative.
Dr. Kingsley was of the opinion that plaintiff could possibly have some sprain and contusions of the neck and knee, and that she might improve with physical therapy. He re-examined plaintiff on May 18, 1964, at which time she was much improved although still complained of pain on the left side of her neck. She was told to return if the pain continued. However, she did not return, so the doctor assumed she had recovered.
In view of the uncontradicted medical testimony, we are of the opinion that plaintiff suffered minor injuries resulting from the accident, and that she has fully recovered. An award of $1,500.00 is hereby made for pain and suffering.
Plaintiff has not proven her claim for loss of earnings and transportation costs as a result of the automobile damages. These items are disallowed.
For the reasons assigned the judgment of the district court is reversed; and judgment is hereby rendered in favor of plaintiff and against Lumbermens Mutual Casualty Company, Mrs. W. G. Vernon, individually and in her capacity as testamentary executrix of the Succession of W. G. Vernon, in solido, in the sum of $1,796.85, together with legal interest from February 18, 1965, at the rate of 5'% per annum, and costs of the district court and on appeal.
Reversed and rendered.